UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-62735-RAR

**BRADLEY DORMAN** on behalf of
**CLARKETECH.CO, LLC**,

      Plaintiff,

v.

**CORAL SPRINGS
POLICE DEPARTMENT,** *et al.*,

      Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lisette Reid's Report and Recommendation ("Report") [ECF No. 6] on Plaintiff Bradley Dorman's *pro se* Complaint [ECF No. 1] filed on behalf of Clarketech.co, LLC ("Clarketech.co").

Dorman, acting as President of Clarketech.co (a Florida limited liability company), filed a *pro se* Complaint pursuant to 42 U.S.C. section 1983 against Defendants. The Report recommends the Court *sua sponte* dismiss the Complaint as frivolous because Clarketech.co is not represented by licensed counsel and a corporation cannot appear *pro se*. Rep. at 1. Dorman timely filed objections to the Report claiming that a corporation may proceed *in forma pauperis* "if the instant case is regarding assets that will be utilized to secure professional bar certified counsel." Dorman does not cite any applicable case law for this proposition.

Nonetheless, Dorman's claim is inaccurate and does not explicitly reject the findings in the Report. Under 28 U.S.C. section 1915, federal courts may authorize any person meeting the statutory criteria to proceed *in forma pauperis*. In *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, the Supreme Court determined that only a <u>natural</u> person—as opposed to an

artificial entity, such as a corporation—may "qualify for treatment *in forma pauperis* under [section] 1915."  506 U.S. 194, 196 (1993).  Additionally, the Eleventh Circuit has explicitly recognized that corporations are prohibited from appearing in federal court "except through a licensed attorney [even if] the person seeking to represent the corporation is its president and major shareholder."  *Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018) (citing *Palazzo v. Gulf City Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984)).  Therefore, the Court cannot permit Dorman to continue the above-styled action on behalf of Clarketech.co.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 6] is **AFFIRMED AND ADOPTED**.  The Complaint [ECF No. 1] is **DISMISSED**.  The Clerk is directed to **CLOSE** this case.  Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of December, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**

cc:   *Pro Se Plaintiff*
      Counsel of record
      Magistrate Judge Lisette Reid